UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**EUGENE SCALIA**, Secretary of Labor,
United States Department of Labor,

       Plaintiff,

v.

**GAVIN AWERBUCH, M.D., GAVIN I. AWERBUCH, M.D. DEFINED BENEFIT PENSION PLAN AND TRUST**, and **GAVIN AWERBUCH, M.D. RETIREMENT PLAN,**

       Defendants.

Case No. 20-cv-12696
Hon. Matthew F. Leitman

_____/

## CONSENT ORDER AND JUDGMENT

Plaintiff **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor (the "Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., filed a complaint against Gavin Awerbuch, M.D. ("Defendant Awerbuch"), alleging breaches of his fiduciary responsibilities under ERISA § 404(a)(1)(A)(B) & (D), 29 U.S.C. § 1104(a)(1)(A)(B) & (D), with respect to the Gavin I. Awerbuch, M.D. Defined Benefit Pension Plan and Trust (the "DB Plan") and the Gavin Awerbuch, M.D. Retirement Plan (the "Retirement Plan") (collectively, "the Plans"). The Plans were named as defendants pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief would be granted.

Defendants Awerbuch and the Plans have waived service of process of the complaint and admit to the jurisdiction of this Court over them and the subject matter of this action.

The Secretary and Defendants agree to resolve all matters in controversy in this action between them (except for the imposition by Plaintiff of any penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that:

1. Defendant Awerbuch is permanently enjoined from violating the provisions of Title I of ERISA.

2. Defendant Awerbuch is removed from all positions he now has as fiduciary to the Plans.

3. Defendant Awerbuch is permanently enjoined from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan.

4. AMI Benefit Plan Administrators, Inc. ("AMI") is hereby appointed as the independent fiduciary for the Plans to terminate the Plans and issue distributions

consistent with the Plans' governing documents, the Internal Revenue Code, and ERISA. See biographies of key personnel at AMI, attached hereto and made a part hereof as Exhibit A. The independent fiduciary shall have the following powers, duties and responsibilities:

      a.    The independent fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plans for the benefit of the eligible participants and beneficiaries of the Plans who are entitled to receive such assets, until such time that the assets of the Plans are distributed to the eligible participants and beneficiaries of the Plans and the Plans are fully terminated;

      b.    within 10 days of execution of this Consent Order and Judgment, the independent fiduciary shall provide LaRene & Kriger, PLC law firm with instructions for the transfer of assets being held for the benefit of the Plans from its IOLTA account to the independent fiduciary for the benefit of the Plans;

      c.    Upon entry of the COJ, the Plans are deemed amended to give the independent fiduciary authority to amend the Plans as necessary;

      d.    The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plans who is eligible to receive a payment under the terms of this Consent Order and Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

  e. The independent fiduciary shall have full access to all data, information and calculations in the Plans' possession or under its control, including that information contained in the records of the Plans' custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets;

  f. The independent fiduciary may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform his duties hereunder;

  g. The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA § 412, 29 U.S.C. § 1112;

  h. The independent fiduciary shall initiate the termination of the Plans in accordance with ERISA within 30 days of entry of this Judgment. The independent fiduciary's responsibilities shall include, but not be limited to, causing the distribution of the Plans' assets to the Plan participants and filing all appropriate documents with the various government agencies. The independent fiduciary shall provide the Regional Director of the Employee Benefits Security Administration, Cincinnati Regional Office, located at 1885 Dixie Highway, Suite 210, Ft. Wright, KY 41011, with quarterly updates on his progress toward terminating the Plans. Within 30 days from the date that the Plans are fully terminated, the independent

fiduciary shall provide satisfactory proof of such termination, including proof of issuance of the Plans' participant distributions, to the Regional Director; and

5.     For the services performed, as referenced in paragraph 4 above, the Independent Fiduciary shall receive from the assets of the Retirement Plan compensation not to exceed $1,800.00 for fees and expenses reasonably and necessarily incurred in administering and terminating the Retirement Plan, and compensation from the assets of the DB Plan not to exceed $12,125.00 for fees and expenses reasonably and necessarily incurred in administering and terminating the DB Plan.

6.     The independent fiduciary's appointment shall terminate upon the first to occur of: 1) removal by the Court; 2) its resignation after finding an acceptable replacement, agreed to by all parties or the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed; or 3) the liquidation and distribution of the Plans' assets and the completion of all related tasks.

7.     Defendant Awerbuch agrees to fully cooperate with any requests from the independent fiduciary, any service provider, the Regional Director, or asset custodian, that relate to the administration and termination of the Plans.

8.     Each party agrees to bear his or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to

date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

9. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

10. Nothing in this Order is binding on any government agency other than the United States Department of Labor.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2020

The parties hereby consent to the entry of this consent order and judgment:

**FOR THE SECRETARY OF LABOR:**

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor


s/ Barbara M. Villalobos                              DATED:     September 30, 2020
**BARBARA M. VILLALOBOS**
Senior Trial Attorney

Attorneys for Plaintiff
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn, Rm. 844
Chicago, IL 60604
Tel:  (312) 353-1168
Fax:  (312) 353-5698
villalobos.barbara@dol.gov


**FOR THE DEFENDANTS:**


s/ with consent of Gavin Awerbuch, M.D.             DATED:  September 27, 2020
**GAVIN AWERBUCH, M.D.**

**GAVIN I. AWERBUCH, M.D. DEFINED BENEFIT
PENSION PLAN AND TRUST**

By s/ with consent of Gavin Awerbuch, M.D           DATED:  September 27, 2020

Its    Plan Sponsor

7

**GAVIN AWERBUCH, M.D. RETIREMENT PLAN**

By s/ with consent of Gavin Awerbuch, M.D          DATED:  September 27, 2020

Its     Plan Sponsor


s/ with consent of Mark J. Kriger                  DATED:  September 27, 2020
**MARK J. KRIGER**
LaRene & Kriger, PLC
645 Griswold, Suite 1717
Detroit, MI 48226
Attorney for Defendants


**PROPOSED INDEPENDENT FIDUCIARY:**

By: s/ with consent of Tracy Martin                DATED:  September 30, 2020

As:   Independent Fiduciary

AMI Benefit Plan Administrators, Inc.
100 Terra Bella Drive
Youngstown, OH  44505

**EXHIBIT A**



*"A Fiduciary Plan Administrator"*

### *Biographies*

**Pamela L. Shoup, CEBS, RPA, QKA** is the President of AMI Benefit Plan Administrators, Inc. She graduated from Miami University in 1988 with a Bachelor's of Science Degree in Business. She continued her education with the International Foundation of Employee Benefit Plans and the Wharton School of the University of Pennsylvania to earn the RPA (Retirement Plans Associate) and the CEBS (Certified Employee Benefit Specialist) designations. She earned the QKA (Qualified 401(k) Administrator) designation from ASPPA in 2013. She entered the financial services industry in 1989 as an insurance agent and maintains that license but no longer practices. At AMI, Pam is the team leader of the Plan Administration Team. This team completes the annual plan testing, calculates employer contributions and files the 5500 forms. She is also in charge of plan conversions, computer programming, quality control, and the policies and procedures of the organization.

**Tim Halchuck, QPFC, AIF®, C(k)P®, QKA** is the CEO of AMI Benefit Plan Administrators, Inc. He graduated from Youngstown State University in 1995 with a Bachelor's of Science in Business Administration, major in Finance. He went on to obtain his Series 7 license in 1996 and his Series 65 license in 2012. He entered the financial services industry in 1991 as an insurance agent. He earned the QPFC (Qualified Plan Financial Consultant) designation from ASPPA in 2013, his AIF® (Accredited Investment Fiduciary) designation from fi360® in 2015 and the C(k)P® from The Retirement Advisor University® in collaboration with UCLA Anderson School of Management Executive Education in 2016. He earned the QKA (Qualified 401(k) Administrator) designation from ASPPA in 2018. At AMI, Tim works with plan advisors to assist them as requested. He also oversees the co-ordination between the various AMI teams as well as the corporate functions of AMI.

**John A. Halchuck, CLU, ChFC, REBC, TGPC, QPA, ERPA** is the founder of the AMI Companies. He earned the CLU, ChFC and the REBC (Registered Employee Benefits Consultant) designations from the American College. He has also earned the TGPC (Tax-Exempt & Governmental Plan Consultant) and QPA (Qualified Plan Administrator) from ASPPA. In addition, John is an ERPA (Enrolled Retirement Plan Agent). The ERPA designation permits John to represent clients before the IRS with regard to their retirement plans. He entered the financial services industry in 1979 as an insurance agent but has retired as an agent. At AMI, John is a consultant in the area of plan design and is a member of the Compliance team.

**Charles Durkot, E.A, ERPA** graduated from Youngstown State University in 1995 with a Bachelor's of Science in Business Administration, major in accounting. He went on to earn the E.A. (Enrolled Agent) designation in 2006. The E.A. designation permits Charles to represent clients before the IRS with regard to tax matters. He earned the ERPA certification in 2014. At AMI, Charles is the Assistant Team Leader for the Plan Administration Team and the Senior Consultant with regard to Plan Compliance Issues. Plan Compliances refers to filings with the IRS/DOL, working with the DOL on contracts they have awarded to AMI, plan design issues and technical issues with regard to the operation of plans. He has been with AMI since 2002.

***Martin Evans, QPA, ERPA*** graduated from Ohio University in 1985 with a Bachelor's of Science in Communication. He entered the financial services industry in 1989 as an insurance agent and maintains that license but no longer practices. He earned the QPA and ERPA certifications in 2012. At AMI, Marty is a member of the Plan Administration Team.